IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV27-02-V
(C-CR-93-89-P)

| | |
|---|---|
| PHILLIP HENRIQUES,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | ORDER |

**THIS MATTER** comes before the Court on the petitioner's second "Motion Under 28 USC Section 2255 To Vacate, Set Aside, Or Correct Sentence," filed January 19, 2006. Not surprisingly, for the reasons stated herein, the instant Motion shall be <u>dismissed</u> due to the Court's lack of authority to entertain the claims set forth therein.

According to the record of the petitioner's underlying criminal case, on May 3, 1993, he was named in a three-count Bill of Indictment. Such Indictment charged that the petitioner had conspired to possess with intent to distribute quantities of heroine and cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); and that he had used and carried firearms during and in relation to his drug trafficking crimes, in violation of 18 U.S.C. §924(c)(1) (Counts Two and Three). After pleading not guilty, the petitioner's case proceeded to trial.

However, on December 7, 1993--the first day of his trial, the petitioner entered into a plea agreement with the government,

whereby he agreed to plead guilty to all of the charges in the Indictment. The parties' agreement further stipulated that the amounts of heroin and cocaine which could be attributed to the petitioner would be converted to marijuana for ease of calculating his sentence under the U.S. Sentencing Guidelines. Thus, in accordance with the provisions of the parties' agreement, the petitioner appeared before the Court and tendered his guilty pleas. After engaging the petitioner in its standard Plea & Rule 11 colloquy, the Court was satisfied that the petitioner's pleas were knowingly and voluntarily tendered. Therefore, the Court accepted the petitioner's guilty pleas.

Next, on May 24, 1994, the petitioner appeared before the Court for his Factual Basis & Sentencing Hearing. On that occasion, the Court sentenced the petitioner to a total term of 348 months imprisonment (280 months on Count One, and a total of 60 months consecutive on Counts Two and Three).

Thereafter, the petitioner timely gave his notice of appeal, and his appeal was docketed with the Fourth Circuit Court of Appeals. Ultimately, however, the appellate Court concluded that the petitioner's convictions and sentences were correct. Thus, the Court of Appeals affirmed this Court's Judgment. See United States v. Henriques, No. 94-5543, slip op. at 1 (April 18, 1995).

Next, on February 19, 1997, the petitioner filed his first Motion to Vacate under 28 U.S.C. §2255 (see Henriques v. United

States, 3:97CV78-P). In that Motion, the petitioner challenged his convictions on several grounds, including that his firearms convictions were unlawful in light of the then-recently announced U.S. Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995). In response, the government opposed all but the petitioner's Bailey challenges to his firearms convictions. In addition, the government moved to dismiss the petitioner's firearms convictions, but asked the Court to enhance the petitioner's drug sentence pursuant to U.S. Sentencing Guidelines §2D1.1(b)(1) (pertaining to possession of a dangerous weapon during drug trafficking activities).

On October 23, 1997, the Court granted the government's Motion to Dismiss the petitioner's firearms convictions. Thereafter, on May 4, 1998, the Court entered an Order denying the remaining claims set forth in the petitioner's Motion to Vacate. Then, on May 29, 1998, the Court held a Re-sentencing Hearing. On that occasion, the Court applied the gun enhancement under §2D.1., and re-sentenced the petitioner to a term of 300 months imprisonment on his drug conviction.

The petitioner again appealed his sentence. However, the Fourth Circuit Court of Appeals found that the petitioner's new sentence was proper. Therefore, the Court of Appeals affirmed the petitioner's 300-month sentence. See Henriques v. United States, No. 98-4439, slip op. at 2 (Dec. 31, 1998).

Thereafter, on July 2, 2001--that is, after the U.S. Supreme Court's ruling in <u>Apprendi v. New Jersey</u>, 530, 466 (2000)--the petitioner went to the Fourth Circuit Court of Appeals on a Motion for Authority to File a Successive Motion to Vacate, pursuant to 28 U.S.C. §2244. However, the petitioner's Motion was denied by the appellate Court. (See <u>In Re: Henriques</u>, No. 01-979 (4th Cir. July 20, 2001)).

Apparently undaunted by his lack of success, the petitioner has now returned to this Court on this second Motion to Vacate, raising four separate challenges to his 300-month sentence under <u>Apprendi</u> and its progeny. Interestingly, the petitioner recognized that this Motion likely would be construed as a prohibited second or successive Motion. Thus, he has attempted to demonstrate that his Motion is not successive, and that he should be permitted to proceed with it.

In particular, the petitioner argues that he should be able to proceed with this Motion because he has brought it "pursuant to the newly recognized right handed down by the U.S. Supreme Court in the case of <u>United States v. Booker</u> . . . ." However, inasmuch as the petitioner's reliance upon <u>Booker</u> (and <u>Dodd v. United States</u>, 125 S.Ct. 2478 (2005)) is misplaced, he has failed to demonstrate that he is entitled to proceed with this Motion.

Indeed, as the petitioner has correctly noted, in <u>Dodd v. United States</u>, 125 S.Ct. 2478, 2482-83 (2005), the Supreme Court

stated that the one-year period under subpart (3) of 28 U.S.C. §2255, para. 6 is to be calculated from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. However, that fact is *not* dispositive in this case. To be sure, contrary to the petitioner's suggestion, the Supreme Court simply has never announced that any of the rulings upon which he seeks to rely--from Apprendi to Booker--could be retroactively applied to cases on collateral review such as this one.

On the other hand, in United States v. Morris, 429 F.3d 65, 72 (4th Cir 2005), the Fourth Circuit expressly stated that Booker is *not* retroactively applicable on collateral review. Similarly, in United States v. Sanders, 247 F.3d 139, 145-46 (4th Cir.), cert. denied, 534 U.S. 1032 (2001), the Fourth Circuit concluded that Apprendi could *not* be retroactively applied to cases on collateral review such as the instant one. Likewise, in United States v. Fowler, No. 05-6493, slip op. at 1 (W.Va. June 17, 2005), the Court stated that "neither Booker nor Blakely [v. Washington, 542 U.S. 296 (2004)] announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."

Consequently, not only are the rulings from the foregoing decisions unavailable to the petitioner in this action, there is

nothing about those rulings which would relieve the petitioner from his obligation to obtain pre-filing authorization from the Court of Appeals before proceeding with this action in any event. Rather, as the petitioner is well aware, 28 U.S.C. §2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application."

As has been noted, however, this Court's review of pertinent records in the Fourth Circuit Court of Appeals reflects that no such authorization has been granted to the petitioner by that Court. In fact, the petitioner's attempt to obtain the necessary authorization was flatly rejected by the Court of Appeals. Accordingly, this Court simply does not have the authority to entertain this second Motion to Vacate from the petitioner.

In sum, the Antiterrorism and Effective Death Penalty Act of 1996 requires, among other things, that petitioners who seek review of second or successive motions to vacate first obtain pre-filing authorization for such motions from the appropriate court of appeals. In the case at bar, the petitioner has failed to obtain such authorization from the Fourth Circuit in order to allow this Court to entertain this second Motion to Vacate. Therefore, the instant Motion to Vacate must be summarily

dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DISMISSED**.

**SO ORDERED.**

Signed: January 24, 2006

Richard L. Voorhees
Chief United States District Judge