**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:93cr89**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **PHILLIP HENRIQUES.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. §3582(c)(2) Amended United States Guidelines" [Doc. 126], filed March 13, 2008.

Despite what the title of the Defendant's filing may imply, he does not seek relief pursuant to Amendment 706, the crack cocaine guideline amendment. In fact, the Defendant was specifically found to be ineligible for any such relief because his conviction involved powder cocaine only. [Doc. 131]. In this motion, the Defendant claims that Amendment 591 to the United States Sentencing Guidelines applies to his case.

1

In 1994, the Defendant was sentenced to 252 months imprisonment in connection with his conviction for conspiracy to possess with intent to distribute and distribution of heroin and powder cocaine in violation of 21 U.S.C. §846. [Doc. 83]. He was also sentenced to 60 months imprisonment for two convictions of using and carrying a firearm during drug trafficking crimes in violation of 18 U.S.C. §924(c). [Id.].

In 1997, the Defendant moved pursuant 28 U.S.C. §2255 to vacate his §924(c) convictions in light of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). United States v. Henriques, 168 F.3d 484 **1 (4th Cir. 1998). The Government agreed that these two convictions must be dismissed. At re-sentencing, however, the Government argued that pursuant to U.S.S.G. §2D1.1(b)(1), the Defendant's offense level should be enhanced by two levels because firearms were found at the "stash house" for the conspiracy's drugs. Id. The district court agreed with the Government's position, applied the enhancement and sentenced the Defendant to 300 months imprisonment in connection with the conspiracy conviction. Id. The Defendant again appealed his sentence. This time the Court of Appeals affirmed, finding the enhancement was properly applied. Id.

The Defendant now argues that Amendment 591 precludes the application of a firearms enhancement pursuant to U.S.S.G. §2D1.1(b)(1). Defendant's argument is in error. Amendment 591 applies to enhancements under U.S.S.G. §2D1.2, not §2D1.1. As the Court said in United States v. Gonzalez, 304 Fed.Appx. 739 (10th Cir. 2008)

> [The Defendant] bases his argument on Amendment 591 to the U.S.S.G., effective November 1, 2000. Amendment 591, which is retroactive, revised two sections of the Guidelines: U.S.S.G. §1B1.2, to clarify that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction, without regard to relevant conduct; and U.S.S.G. §2D1.2,[1] which addressed a circuit conflict and clarified that the enhanced penalties of §2D1.2 apply only in a case in which the defendant was convicted of an offense specifically referenced in that Guideline. [T]here are two reasons why Amendment 591 has no relevance to this case and its application would not [] result[] in a shorter sentence for [the Defendant]. First, the sentencing court correctly used the Statutory Index, Appendix A, to determine the most applicable Guideline offense for [the Defendant's] conviction. Second, *the offense guideline properly employed by the sentencing court was §2D1.1 rather than §2D1.2, which did not apply to [the Defendant's] sentencing*.

Id. at **1 (emphasis provided); United States v. Palacios, 2009 WL 529638 (11th Cir. 2009) ("Amendment 591 applies only 'to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline.'"), *citing* United States v. Moreno, 421

---

[1] This guideline addresses drug offenses occurring near protected locations, such as schools, or involving underage or pregnant individuals.

F.3d 1217 (11th Cir. 2005) (Amendment 591 clarified that in order for the enhanced penalties provided by U.S.S.G. §2D1.2, relating to drug offenses near protected locations or involving underage or pregnant individuals, to apply, the defendant must be convicted of an offense referenced to §2D1.2 rather than simply to have engaged in conduct described by that guideline.); United States v. Gonzalez-Balderas, 285 Fed.Appx. 172 (5th Cir. 2008); United States v. Wilson, 267 Fed.Appx. 317 (5th Cir. 2008) ("Amendment 591 applies to the determination of the appropriate Chapter Two offense guidelines section, and Wilson was properly sentenced under U.S.S.G. §2D1.1, the appropriate offense guidelines section for his conviction under 21 U.S.C. §846. Amendment 591 is irrelevant to the determination of base (of specific) offense levels within the application offense guidelines section or to any consideration of relevant conduct."); United States v. Fernandez, 244 Fed.Appx. 249 (11th Cir. 2006) (Amendment 591 does not constrain the use of judicially found facts to select a base offense level within the relevant guideline); United States v. Hardamon, 167 Fed.Appx. 571 (7th Cir. 2006) (sentencing court properly applied §2D1.1 to the drug conspiracy conviction and Amendment 591 does not prohibit the use of relevant conduct); United States v. Jones, 143

Fed.Appx. 526 (4th Cir. 2005); United States v. Rivera, 293 F.3d 584 (2nd Cir. 2002) (Amendment 591 applies only to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level.).

The Defendant acknowledges that the sentencing court selected §2D1.1 as the offense guideline section. Indeed, that is the section referenced in the Statutory Index for drug conspiracy. Thus, Amendment 591 does not apply to the Defendant's sentence. United States v. Harmon, 2006 WL 4753397 (E.D.Va. 2006).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. §3582(c)(2) Amended United States Guidelines [Doc. 126] is hereby **DENIED**.

Signed: June 5, 2009

Martin Reidinger
United States District Judge