# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:93cr89

| | |
|---|---|
| PHILLIP HENRIQUES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's Motion Requesting Relief Under the Fast Track Program (#141). The court has conducted an initial screening of such motion and finds it to be without merit. Without citation or use of quotation marks, petitioner includes in his "Fast Track Discussion" that begins at page three of his motion language lifted from Deputy Attorney General James M. Cole's January 31, 2012 internal memorandum captioned "Department Policy on Early Disposition or 'Fast-Track' Programs." (Petitioner did not include a copy of the USDOJ memo with his motion).

While plaintiff lifts the first paragraph and the first sentence of the second paragraph verbatim and without attribution, he leaves out the second and third sentences of paragraph two, which are not helpful to his motion:

> It [the policy memorandum] provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal, nor does it place any limitations on otherwise lawful litigative prerogatives of the Department.

See http://www.fd.org/pdf_lib/Cole%20fast%20track%20memo%201_12.pdf. Clearly, the policy on which petitioner bases his request for relief is not a source of any right enforceable by this court. The motion will, therefore, be denied summarily as it is patently frivolous.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion Requesting Relief Under the Fast Track Program (#141) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

The Clerk of Court is instructed to send a courtesy copy of this Order to the United States Attorney's Office.

Signed: March 1, 2012

Max O. Cogburn Jr.
United States District Judge